**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMILIANO LOPEZ,

       Plaintiff - Appellant,

  v.

EDMUND G. BROWN, Jr., Governor of
California; et al.,

       Defendants - Appellees.

No. 12-17830

D.C. No. 1:12-cv-01065-LJO-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

California state prisoner Emiliano Lopez appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

constitutional violations in connection with his parole hearing. We have

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) (ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We reverse and remand.

The district court entered a judgment of dismissal of Lopez's action because his claims sounded in habeas and could entitle him to earlier release. However, success in this action would not necessarily demonstrate the invalidity of his continued confinement and, therefore, Lopez's claims are not barred under *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (prisoner may challenge procedures used in parole hearing under § 1983, provided he does not seek "immediate or speedier release"). Accordingly, we reverse and remand for further proceedings.

**REVERSED and REMANDED.**

12-17830